-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                        **DECISION and ORDER**
          -v-                                           09-CR-0407S

SHAWN M. SNYDER,

                    Defendant.

_____

          Defendant, Shawn M. Snyder, was convicted in this Court on June 25, 2010,  upon

a plea of guilty, of five counts of violating 18 U.S.C. § 2251(a) (production of child

pornography) and sentenced to 15 years imprisonment on each count, to be served

consecutively, for an aggregate sentence of 75 years, and a life term of supervised release

(Docket No. 27, Judgment).  Defendant has now filed a Motion Seeking an Extension of

Time to File a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C.

§ 2255 ("Motion for Extension").  (Docket No. 36.)  Snyder claims the one-year period of

limitation to file a § 2255 motion expires on July 1, 2012,[1] and that he needs an extension

due "the nature of the . . . charges and the hostile, dangerous attitude and actions of some

_____

          [1]See 28 U.S.C. § 2255(f)(1).  In *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d
88 (2003), the United States Supreme Court held that a "federal judgment becomes final when [the Supreme]
Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a
petitioner does not seek certiorari, when the time for filing a certiorari petition expires."  *Id.* at 527 (internal
quotations and citations omitted).  The time for filing a petition for certiorari is 90 days after entry of judgment
by the Court of Appeals.  Sup.Ct.R. 13(1).  *See also Valencia v. United States*, No. 03 CIV.5346 KMW, 97
CR.355 KMW, 2007 WL 2111074, at *3 (S.D.N.Y. 2007) ("For purposes of Section 2255's statute of
limitations, a judgment of conviction becomes final when the time expires for filing a petition for a writ of
certiorari, which is 90 days after the entry of judgment by the appeals court.") (citations omitted).  At this time,
the Court takes no position on the timeliness *vel non.* of a Motion to Vacate or when Snyder's one year
limitations period expires.

inmates toward people with these types of charges . . . ." (*Id.* at 2.)  Due to this dangerous and hostile attitude towards him, he has not been able to perform work on his petition because: (1) when an inmate performs legal research on a computer other inmates can look over the shoulder of the inmate and see the nature of the legal research being performed; (2) he has to keep the limited amount of paperwork he has hidden to prevent the information from being seen by those who "would do him harm[;]" and (3) law clerks at the prison are not bound by any of the confidentiality rules governing attorneys.  (*Id.* at 2.) He claims that for these reasons, he has been "in hiding" and thus has had difficulty trying to prepare his § 2255 Motion.  For the following reasons the Motion for Extension is denied.

In *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) (per curiam), the Second Circuit held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed [,]" because prior to the actual filing of a petition (motion to vacate), "there is no case or controversy to be heard[.]"  *Id.* at 164 (citations omitted); *see also Nelson v. United States*, 380 F. Supp. 2d 100, 103-04 (2d Cir. 2005) ("A district court does not have subject-matter jurisdiction to grant an extension to the one-year period of limitation under § 2255 unless (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period.") (internal quotations and citations omitted). However, "if or when [petitioner] actually files a § 2255 petition, the District Court may consider his argument that such a petition should be considered timely."  *Leon*, 203 F.3d at 16 ; *see also Smith v. McGinnis*, 208 F.3d 13 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000), (the Second Circuit held that the AEDPA's "one-year

period [under 28 U.S.C. § 2244] is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period.").  The Supreme Court has held that the period of limitations may be tolled for equitable reasons but that a petitioner is only entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance "stood in his way and prevented him from timely filing." *Rosario v. United States*, No. 09 Civ. 2578(NRB), 2010 WL 3291805, at *4 (S.D.N.Y. Aug. 9, 2010) (citing *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562-63, 177 L.Ed.2d 130 (2010)).

While the Court is obligated to construe the submissions of pro se litigants liberally, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and read them to raise the strongest arguments they suggest, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) the Court cannot construe Snyder's Motion for Extension as a Motion Pursuant to § 2255 to Vacate, Set Aside or Correct Sentence because the Motion For Extension does not set forth any grounds or contain any basis in law or fact for relief under § 2255.  *See Samuel v. United States*, No. 10-CV-1154(JS), 2010 WL 1257805, at *2 (E.D.N.Y. March 26, 2010) (citing *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2002)); *United States v. Dennis*, 5:04-CR-04 (NAM), 2008 WL 619362, at *1 (N.D.N.Y. Mar. 4, 2008).

Accordingly, Snyder's Motion for an Extension of Time to file a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 36) is **DENIED**. Snyder may at the time of filing a Motion pursuant to § 2255–a Motion which must "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting

3

each ground; (3) state the relief requested . . . ." (Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b))–request an extension of time to file an amended or supplemental motion or memorandum of law in support of the Motion.  If Snyder does not file a timely Motion pursuant to § 2255, he must set forth in the Motion a basis for the Court to equitably toll the statute of limitations.  *See Holland*, --- U.S. ----, 129 S.Ct. at 2562-63; *Smith*, 208 F.3d at 17.

The Clerk of the Court is directed to forward to Snyder along with a copy of this Decision and Order the Court's Pro Se Form for filing a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

SO ORDERED

Dated:      June 24, 2012
            Buffalo, New York

_____s/William M. Skretny_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court