UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN M. SNYDER,

                    Petitioner,

v.                                            **DECISION AND ORDER**
                                                    09-CR-407S
                                                    12-CV-653S

UNITED STATES OF AMERICA,

                    Respondent.

## I. INTRODUCTION

Presently before this Court is the Amended Motion of *pro se*[1] Petitioner Shawn M. Snyder to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

On February 2, 2010, Petitioner appeared before this Court, waived indictment, and pled guilty to a five-count Information charging him with multiple violations of 18 U.S.C. § 2251(a) (production of child pornography). The plea agreement signed by Petitioner reflects his understanding that the maximum penalty that could be imposed at sentencing included a thirty-year term of imprisonment for each count. (Plea Agreement ¶ 1.)

Petitioner was sentenced on June 21, 2010 to a fifteen-year term of incarceration

---

[1] It is candidly admitted that Petitioner's submissions, although signed by him, were not prepared by him. (See Docket No. 50 at 3.) The source of the assistance is not identified, a fact which could arguably raise a question whether Petitioner should be afforded the benefit of the less stringent standards applied to *pro se* litigants. This Court need not resolve this issue, as denial of this motion is warranted even under the more lenient standard. See Peavey v. A. Rosenblum, Inc., 793 F. Supp. 2d 590, 594-95 (E.D.N.Y. 2011).

on each of the five convictions with the sentences to be served consecutively, thereby totally an aggregate sentence of 75 years imprisonment. Petitioner appealed his sentence as excessive. The Second Circuit found that this Court properly considered all the relevant factors under 18 U.S.C. § 3553(a), including Petitioner's mental impairment and family history, and affirmed the judgment. See United States v. Snyder, 425 F. App'x 64 (2d Cir. July 1, 2011).

Petitioner filed his initial § 2255 motion on July 9, 2012 (Docket No. 38.) After obtaining permission of this Court, Petitioner filed an Amended § 2255 motion on December 10, 2012, and a permitted supplement to this now operative pleading on February 5, 2013. (Docket Nos. 47, 50.) Respondent filed an opposing Memorandum on April 15, 2013. (Docket No. 55.) A reply was submitted by Petitioner on June 24, 2013. (Docket No. 58.)

### III.  DISCUSSION

**A.     Petitioner's § 2255 Motion**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a). The Second Circuit has held that a "collateral attack on a final

judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

The Government argues that Petitioner's § 2255 motion should be dismissed as procedurally barred because Petitioner failed to raise on his direct appeal the issues now asserted. (Gov't Mem of Law at 11-12.) As a general rule, a petitioner is precluded from raising claims in a § 2255 motion that could have been, but were not, raised on direct appeal. Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010). An ineffective assistance of counsel claim, however, is "an important exception to the procedural default rule," and may be raised in a § 2255 motion despite the failure to raise such a claim on direct appeal. Yick Man Mui, 614 F.3d at 53-55; see Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Here, Petitioner's nine grounds for relief are each framed as an ineffective assistance of counsel claim. Specifically, Petitioner alleges that trial counsel's performance was deficient because: (1) counsel failed to challenge 18 U.S.C. § 2251 and 18 U.S.C. § 3231 as unconstitutional; (2) counsel failed to move for the suppression of evidence obtained as a result of an allegedly invalid search warrant; (3) counsel failed to ensure that Petitioner entered into the plea knowingly, intelligently, and voluntarily; (4) counsel failed to obtain a favorable plea agreement for Petitioner; (5) counsel failed to obtain expert testimony to bolster Petitioner's claims of mental incapacity and dysfunctional family background; (6) counsel failed to object to a 2G2.1(b)(6)(B)(ii) offense level

increase; (7) counsel failed to object to a 2G2.1(b)(2)(A) offense level increase; (8) counsel failed to advise Petitioner not to plead guilty and therefore relieved the Government of its burden of proof; and (9) the cumulative effect of counsel's individual errors constitutes ineffective assistance.

Where, as here, a defendant's conviction has been secured by way of a plea agreement, a petitioner asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption that a trial counsel's conduct falls within the range of reasonable professional assistance and, absent the complete lack of tactical justification, courts will generally not second-guess strategic decisions. United States v. Cohen, 427 F.3d 164, 170-71 (2d Cir. 2005).

Initially, Petitioner's plea colloquy belies his arguments that counsel failed to ensure Petitioner entered into the plea knowingly, voluntarily and intelligently; failed to advise him not to plead guilty in order to put the Government to its proof; and failed to advocate for a favorable plea agreement or mitigated sentence for Petitioner. (Grounds 3, 4, 5 and 8.) With respect to the effect of his asserted mental impairments, during the plea colloquy, Defense counsel specifically explained to the Court that the plea agreement was discussed over the course of several meetings, with care taken to ensure that Defendant understood the document's terms. (Plea Hrg. Tr. at 7-8, Docket No. 30.) Petitioner indicated that he had discussed the plea agreement with his attorney, listened to counsel's advice and

considered it in reaching a decision on the plea agreement, and that he was comfortable with his understanding of the documents associated with the plea agreement. (Plea Hrg. Tr. at 7-8, 21-23, 25, 29, 36-37.) Petitioner was also advised by this Court at multiple points during the colloquy that he had a right to put the Government to its proof with respect to the charges, and that he was waiving that right by pleading guilty, to which he indicated that he understood. (Plea Hrg. Tr. at 16-18, 21-22, 31-32.)

Moreover, the arguments that Defendant's low IQ and problematic childhood constituted mitigating factors were raised and vigorously argued by counsel at both the plea hearing and sentencing, (Plea Hrg. Tr. at 5-7, 14; Sentencing Tr. at 24-30, Docket No. 31; see also Docket No. 15 at 7-8), and this Court's resolution of those issues has been affirmed on Petitioner's direct appeal. See United States v. Snyder, 425 F. App'x 64 (2d Cir. July 1, 2011).

The failure of defense counsel to object to the two specified sentencing enhancements does not constitute ineffective assistance (Grounds 6, 7). The 2G2.1(b)(6)(B)(ii) and 2G2.1(b)(2)(A) offense level increases were an agreed-upon part of Petitioner's plea agreement.  As such, Petitioner must establish that " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting Hill, 474 U.S. at 59).  Although Petitioner asserts that, absent these alleged errors, it cannot be said that this Court would have imposed the same sentence, there is no assertion that he would not have accepted the plea agreement had counsel successfully raised these objections. See McFadden v. Senkowski, 421 F. Supp. 2d 619, 623-24 (W.D.N.Y. 2006) (failure to assert that the plea agreement would not have been

accepted was a critical omission post-Hill).

Petitioner further alleges that trial counsel erroneously failed to move for suppression of evidence seized pursuant to a search warrant (Ground 2). In order to establish that the failure to make a suppression motion constituted ineffective assistance, "the underlying motion must be shown to be meritorious." United States v. Matos, 905 F.2d 30, 32 (2d Cir. 1990). Petitioner first argues that the warrant was invalid because "the search warrant was issued as a result of an affidavit that was claiming sexual abuse of a minor, but was used to search for child pornography." (Docket No. 47 at 30.) The warrant, however, specifically directs the executing officers to search for computers, cameras, and memory cards in connection with a five-year old's statement that Petitioner abused and took naked pictures of her. (Docket No. 58 at 18-21.) Further, although Petitioner argues that the warrant also erroneously indicated the "upper" rather than "lower" apartment, he does not dispute that additional descriptions of the residence were correct. The search warrant also correctly lists the street address of Petitioner's residence. (Id.; Docket No. 25 at 2.) Because Petitioner was specifically named in the warrant and the executing officers were expressly authorized to search his residence at the street address listed, the warrant was sufficiently specific to ensure that the residence searched was the place "that the magistrate judge who issued the warrant intended to be searched." United States v. Voustianiouk, 685 F.3d 206, 211 (2d Cir. 2012); see United States v. Burke, 784 F.2d 1090, 1092 (11th Cir. 1986) ("An erroneous description of premises to be searched does not necessarily render a warrant invalid."), *cert denied*, 476 U.S. 1174 (1986). In light of this, trial counsel's failure to file a suppression motion cannot be said to constitute ineffective assistance.

The challenge to this Court's original jurisdiction over "all offenses against the laws of the United States" pursuant to 18 U.S.C. § 3231, such as 18 U.S.C. § 2251(a), also fails (Ground 1). Petitioner's argument that section 3231 was improperly enacted, rendering all subsequently enacted statutes which rely upon it invalid, has already been rejected by several courts. See United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007)(finding attack on supposed irregularities in enaction of the federal criminal code "unbelievably frivolous"); see also In re Moleski, – F. App'x –, 2013 WL 6246481, *1 (3d Cir. Dec. 4, 2013); United States v. Schumaker, 479 F. App'x 878, 882 (11th Cir. 2012), *cert denied*, 133 S. Ct. 387 (2012); United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). Further, the argument that § 2251 violates the Commerce Clause, which was not clearly raised until Petitioner's reply, has also been rejected. See United States v. Holston, 343 F.3d 83, 84 (2d Cir. 2003).

Finally, because no individual errors have been found with trial counsel's performance, it cannot be concluded that relief is warranted based on any cumulative effect (Ground 9).

**B.** **Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied*, 538 U.S. 950 (2003). Petitioner has made no such substantial

showing of the denial of a constitutional right in this case.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Amended Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Amended Motion to Vacate, Set Aside or Correct  his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 47) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 12-CV-653S.

SO ORDERED.

Dated: March 31, 2014
    Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                        Chief Judge
                                                United States District Judge