UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN M. SNYDER,

                Petitioner,

v.                                                **DECISION AND ORDER**
                                                                        09-CR-407S
                                                                        12-CV-653S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Shawn M. Snyder's motion for relief under Rule 60 of the Federal Rules of Civil Procedure. (Docket No. 63.) Snyder seeks relief from this Court's previous denial of his motion to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255. (Docket No. 59.) For the reasons discussed below, Snyder's motion is denied.

## II. BACKGROUND

On February 2, 2010, Snyder appeared before this Court, waived indictment, and pleaded guilty to a 5-count Information charging him with multiple violations of 18 U.S.C. § 2251 (a) (production of child pornography). Snyder's plea agreement reflected his understanding that the maximum penalty that could be imposed at sentencing included a 30-year term of imprisonment for each count. (Plea Agreement, Docket No. 4, ¶ 1.)

On June 21, 2010, this Court sentenced Snyder to five consecutive 15-year terms of incarceration, one term for each count of conviction, for an aggregate sentence of 75

1

years imprisonment. (Docket No. 24.) Snyder thereafter appealed his sentence as excessive. The Second Circuit affirmed, finding that this Court properly considered all the relevant factors under 18 U.S.C. § 3553 (a), including Snyder's mental impairment and family history. See United States v. Snyder, 425 F. App'x 64 (2d Cir. July 1, 2011).

Snyder then filed a § 2255 motion on July 9, 2012, with amendment and supplementation concluding on February 5, 2013. (Docket Nos. 38, 47, 50.) After full briefing, this Court denied Snyder's motion on March 31, 2014. (Docket No. 59.) Snyder appealed to the Second Circuit, which denied his appeal on August 6, 2014. (Docket Nos. 60, 62.) According to Snyder, he pursued all levels of review of the Second Circuit's decision, culminating in the denial of his petition for rehearing of the denial of his petition for writ of certiorari on March 2, 2015. (Docket No. 63, p. 7.)

Approximately eight months later, on November 3, 2015, Snyder filed the instant motion for relief under Rule 60. (Docket No. 63.) Snyder maintains that he is entitled to relief from this Court's decision denying his § 2255 motion because this Court mistakenly relied on incorrect case law and failed to address each of his arguments pertaining to the second ground of his petition—ineffective assistance of counsel for failure to file a motion to suppress evidence. (Docket No. 63, pp. 9, 10.)

### III. DISCUSSION

Rule 60 permits a court to correct clerical mistakes, oversights, and omissions, as well as relieve a party from a final judgment, order, or proceeding. Fed. R. Civ. P. 60 (a) and (b). Under the rule, relief from a final judgment, order, or proceeding may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b).

A motion seeking relief under Rule 60 (b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60 (c). Such motions are granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. The decision to grant relief under Rule 60 (b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v.

Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

In the § 2255 habeas context, relief under Rule 60 (b) is available "only when the Rule 60 (b) motion attacks the integrity of the previous habeas proceeding, rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (relying on Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)). This limitation is necessary to prevent circumvention of the statutory restrictions governing successive habeas petitions. See Polanco v. United States, 14-CV-01540 (TPG), 11-CR-00002 (TPG), 2017 WL 4330373, at *2 (S.D.N.Y. Sept. 27, 2017) (citing Arroyo v. United States, No. 01-CV-7165 (AGS), 2007 WL 1180549, at *2 (S.D.N.Y. Apr. 23, 2007)). When such a motion lacks merit, the court should simply deny it as it would any other Rule 60 motion, rather than treat it as a successive habeas petition. Harris, 367 F.3d at 82.

Here, Snyder attacks the integrity of the previous habeas proceeding by contending that this Court failed to apply the correct law and failed to address each of his arguments concerning the second ground of his petition. (Docket No. 63, pp. 9, 10.) This Court therefore treats Snyder's motion as an ordinary Rule 60 motion. See Harris, 367 F.3d at 77.

In its prior decision denying Snyder's motion to vacate, set aside, or correct his sentence, this Court identified, analyzed, and rejected the second ground of his petition. (Docket No. 59, p. 6.) In doing so, this Court considered Snyder's arguments and found them unpersuasive. This Court applied the correct law and adequately explained its reasoning. Contrary to Snyder's contention, district courts are not required to assess each argument in detail: "there is no requirement for a court to specifically address each

and every argument raised by a party in papers filed with the Court." Driessen v. Royal Bank Int'l, No. 3:14-CV-01300 (VAB), 2015 WL 881205, at *2 (D. Conn. Mar. 2, 2015) (relying on Jackson v. Fed. Exp., 766 F.3d 189, 199 (2d Cir. 2014) ("a district court is not required to 'write an opinion or lengthy order in every case"); Malbon v. Pa. Millers Mut. Ins. Co., 636 F.2d 936, 939 n. 8 (4th Cir. 1980) ("An argument to which *sub silentio* treatment has been accorded may be simply deemed not to have required specific reference . . . . The argument may be deemed to have been considered, but to have been found insufficient in merit; it is not necessarily to be concluded that it must have been totally ignored."); Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 772 (9th Cir. 1986) ("Rule 52 (a) provides that findings of fact and conclusions of law are unnecessary in decisions on motions.")). Accordingly, there is no mistake. This Court considered each of Snyder's arguments and rejected them.

Moreover, this Court applied the correct governing caselaw in rejecting Snyder's arguments that his counsel was ineffective for not moving to suppress certain evidence seized pursuant to a search warrant. (Docket No. 59, p. 6.) Because the search warrant was valid, it would not have been susceptible to a motion to suppress. Trial counsel was therefore not ineffective. While Snyder is obviously dissatisfied with this Court's findings and ruling in this regard, the decision was not the product of mistake or oversight, and Snyder offers no valid basis to reconsider it.[1] Snyder is therefore not entitled to relief under Rule 60.

---

1 It is worth noting that the Second Circuit denied Snyder a certificate of appealability and denied his appeal from this Court's denial of his § 2255 motion for failure to make a substantial showing of the denial of a constitutional right. (Docket No. 62.)

## IV. CONCLUSION

For the reasons stated above, Snyder's Rule 60 motion is denied.

## V. ORDER

IT HEREBY IS ORDERED, that Petitioner's Rule 60 Motion (Docket No. 63) is DENIED.

SO ORDERED.

Dated:     December 18, 2017
               Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge